Stephen G. Recordon (SBN 91401)
**Recordon & Recordon**
225 Broadway, Suite 1900
San Diego, CA 92101
Phone: (619) 232-1717
Facsimile: (619) 232-5325
Email: 1sgrecordon@gmail.com

Attorneys for Plaintiff Crystal James

FILED
Jan 14 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  s/ JenniferS  DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL JAMES,<br><br>              Plaintiffs,<br><br>vs.<br><br>VEROS CREDIT, LLC AND PATENAUDE & FELIX, A PROFESSIONAL CORPORATION,<br><br>              Defendants. | Case No. **'19CV0094 L    RBB**<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND THE ROSENTHAL ACT |

## I.   Introduction

1. Plaintiff Crystal James, ("James" or "Plaintiff"), through her counsel, brings this action to challenge the acts of Defendants Veros Credit, LLC ("Veros") and Patenaude & Felix, A Professional Corporation (hereinafter "P&F") (collectively "Defendants") regarding violations by P&F of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") and by both Defendants of the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq*. ("RFDCPA" or "Rosenthal Act"), both of which prohibit debt collectors and creditors from engaging in abusive, deceptive and unfair practices.

Complaint

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff or Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

## II. Jurisdiction and Venue

5. This action arises out of violations by Defendant P&F of the FDCPA under 15 U.S.C. §1692, *et seq.*, and violations by both Defendants of the Rosenthal Act under Cal. Civ. Code §1788, *et seq*.

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331, 15 U.S.C. §1692(k), and 28 U.S.C. §1367 for supplemental state claims.

7. As Defendants engage in business in the state of California, and committed the acts that form the basis for this suit in the state of California, the Court has personal jurisdiction over Defendants for purposes of this action.

8. Venue is proper pursuant to 28 U.S.C. §1391 as one or more Defendants are located in the Southern District and do business in the Southern District.

## III. Parties

9. Plaintiff is a natural person residing in California, and is a consumer within the meaning of 15 U.S.C. §1692a(3) of the FDCPA in that she is a natural person purportedly obligated to pay a consumer debt, allegedly owed to Veros (hereinafter "Debt"), and a "debtor" as that term is defined by Cal. Civ. Code §1788.2(h) of the California Rosenthal Act.

10. Defendants claim that Plaintiff is obligated to pay a debt, and therefore Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

Complaint

11. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code §1788.2(h) and incorporated into California Civil Code §1788.50(c).

12. At all relevant times, Plaintiff is informed and believes that Defendant Veros is and was a Nevada Limited Liability Company ("LLC") based in Santa Ana, California, and engaged in the business of issuing and collecting their own debt to consumers.

13. Defendant Veros, in the ordinary course of business, regularly, and on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code §1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code §1788.2(c).

14. At all relevant times, Plaintiff is informed and believes that Defendant P&F is and was a California corporation.

15. At all relevant times, Plaintiff is informed and believes that Defendant P&F is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. §1692a(6).

16. Defendant P&F is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. §1692a(6).

/ / /

/ / /

/ / /

Complaint

## IV.  Facts Common to all Claims for Relief

17. On June 18, 2018, Veros filed a complaint ("San Diego State Court Complaint") in the Superior Court of California for the County of San Diego against Plaintiff James, in the matter of *Veros Credit, LLC v. Crystal S. James et al*, case number 37-2018-00029843-CL-CL-CTL ("San Diego State Court Action"). A copy of this San Diego State Court Complaint is attached hereto as Exhibit 1.

18. This San Diego State Court Complaint alleged that Plaintiff owed a debt of $9,43576 to Veros based on an April 19, 2018 Retail Installment Sales Contract between James and "Autobahn" for the purchase of a 2005 BMW.

19. A copy of a April 19, 2018 Retail Installment Sales Contract between James and "Autobahn" for the purchase of a 2005 BMW was attached to the San Diego State Court Complaint.

20. On August 16, 2018, P&F filed a second complaint ("Los Angeles State Court Complaint") on behalf of and as agent for Defendant Veros, in the Superior Court of California for the County of Los Angeles against Plaintiff, in the matter of *Veros Credit, LLC v. Crystal S. James et al*, case number 18CHLC23498 ("Los Angeles State Court Action"). A copy of this Los Angeles State Court Complaint is attached hereto as Exhibit 2.

21. This Los Angeles State Court Complaint alleged that Plaintiff owed a debt of $9,43576 to Veros based on a contract between James and Veros themselves.

22. However, attached to the Los Angeles State Court Complaint was what appears to be the exact same April 19, 2018 Retail Installment Sales Contract between James and "Autobahn" that was attached to the San Diego State Court Complaint.

23. In other words, Defendants' claim of a contract directly between James and Veros was not only false, but contradicted by the documents they attached to their own Los Angeles State Court Complaint.

Complaint

-4-

24. Plaintiff was served with copies of both the San Diego State Court Complaint and the Los Angeles State Court Complaint.

25. As of the date of the writing, Veros is simultaneously prosecuting both suits against James in San Diego and Los Angeles counties.

*False Claim that Veros was the Original Creditor*

26. In the State Court Complaint, at paragraph BC-1, Defendants claimed that James entered into a written contract with Veros.

27. This representation was completely and categorically false, as Veros neither entered nor formed any contract with James.

28. The Los Angeles State Court Complaint makes no mention of any assignment between "Autobahn" and Veros, and Veros gives no indication in the Los Angeles State Court Complaint that they claim rights as an assignee rather than as an original creditor.

*Prosecution of the same claim twice, in two separate venues*

29. Not only did the Los Angeles State Court Complaint falsely allege that Veros was a party to the contract at issue, but the Los Angeles State Court Complaint was filed while Veros was already pursuing the exact same claim, on the same contract, in San Diego.

30. This abusive conduct forced James to defend herself simultaneously against identical claims in two different counties.

**V.    Allegations Specific to Certain Claims for Relief**

**FIRST CLAIM FOR RELIEF**

**(Violations of the FDCPA by Defendant P&F)**

31. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the paragraphs above.

/ / /

/ / /

/ / /

Complaint

32. Defendant P&F violated the FDCPA. Defendant's violations include, but are not limited to the following:

    a. 15 U.S.C. §1692d by engaging in behavior the natural consequence of which is to harass, abuse or oppress;

    b. 15 U.S.C. §1692e by making a false, deceptive or misleading misrepresentation in the collection of a debt;

    c. 15 U.S.C. §1692e(2) by misrepresenting the character, amount or legal status of a debt;

    d. 15 U.S.C. §1692e(5) by threatening to take action that cannot legally be taken, or was not intended to be taken;

    e. 15 U.S.C. §1692e(10) by use of a false representation or deceptive means to collect a debt;

    f. 15 U.S.C. §1692f by use of an unfair or unconscionable means to collect or attempt to collect a debt; and

33. Plaintiff is entitled to actual damages sustained as a result of Defendant P&F's conduct, in an amount according to proof; to statutory damages of $1,000 each; to costs of the action; and to reasonable attorney's fees, all pursuant to *15 U.S.C. §1692k.*

## SECOND CLAIM FOR RELIEF
### (Violations of the Rosenthal Act)

34. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

35. Based on information and belief, Defendants' acts and omissions violated California Civil Code § 1788, *et seq.*

36. Defendants violated Cal. Civ. Code §1788.17, which incorporates several of the provisions of the FDCPA, including, but not limited to, the following:

    a. 15 U.S.C. §1692d by engaging in behavior the natural consequence of which is to harass, abuse or oppress;

Complaint

     b.    15 U.S.C. §1692e by making a false, deceptive or misleading misrepresentation in the collection of a debt;

     c.    15 U.S.C. §1692e(2) by misrepresenting the character, amount or legal status of a debt;

     d.    15 U.S.C. §1692e(5) by threatening to take action that cannot legally be taken, or was not intended to be taken;

     e.    15 U.S.C. §1692e(10) by use of a false representation or deceptive means to collect a debt;

     f.    15 U.S.C. §1692f by use of an unfair or unconscionable means to collect or attempt to collect a debt; and

37.    Veros's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to Civil Code § 1788.30(b).

38.    As a proximate result of the violations of the Rosenthal Act committed by Defendants, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages in an amount up to $1,000.00 each pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c).

## PRAYER FOR RELIEF

Plaintiff prays that judgment be entered against all named Defendants, and prays for the following relief:

***FDCPA***

1.    An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against P&F and for the Plaintiff;

2.    An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against P&F and for the Plaintiff;

3.    An award of costs of litigation and reasonable attorney's fees against P&F and for the Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(3);

/ / /

Complaint

*Rosenthal Act*

4. An award of actual damages pursuant to California Civil Code § 1788.30(a) against Veros and P&F and for Plaintiff;

5. An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.30(b) against Veros and P&F and for Plaintiff;

6. An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c) against Veros and P&F; and

7. Such other and further relief this court may deem just and proper.

## JURY DEMAND

1. Plaintiff demands a trial by jury.

Dated: January 14, 2019           /s/ Stephen G. Recordon
                                  STEPHEN G. RECORDON
                                  Attorney for Plaintiff

Complaint