Stephen G. Recordon (SBN 91401)
**Recordon & Recordon**
225 Broadway, Suite 1900
San Diego, CA 92101
Phone: (619) 232-1717
Facsimile: (619) 232-5325
Email: 1sgrecordon@gmail.com

Attorneys for Plaintiff Crystal James

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Crystal James,<br><br>                    Plaintiff<br><br>vs.<br><br>Veros Credit, LLC and Patenaude & Felix, A Professional Corporation<br><br>                    Defendants. | Case No. 19-cv-00094-L-RBB<br><br>**Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion to Compel Arbitration and for a Stay**<br><br>Date: March 18, 2019<br>Time: 10:30 A.M.<br>Judge: Hon. M. James Lorenz |

# TABLE OF AUTHORITIES

I. Introduction ………………………………………………………..… 1

II. Factual and Procedural Background ………………………………….. 2

III. Argument ……………………………………………………………... 5

    A. Plaintiff holds the exclusive right to elect the arbitration forum ..... 5

    B. Veros may not simply refuse to submit to arbitration in any forum the Plaintiff selects, as this amounts to a violation of the covenant of good faith and fair dealing ………..…………..…… 7

    C. Veros has waived their right to compel arbitration ………..……… 9

    D. If this Court Orders the Parties to Arbitrate the Court should Order that Defendants Submit to Arbitration Before the Forum of Plaintiff's Choice, Approval of Which Shall not Unreasonably be Withheld, or Alternatively Simply Order Arbitration Before JAMS or Judicate West …………………...….. 12

    E. If this Court Orders Arbitration, this Court should Retain Jurisdiction to Enforce that Order ………..……………...… 12

IV. Conclusion ……………………………………………………..… 13

# TABLE OF AUTHORITIES

*AT&T Technologies v. Communications Workers*
    475 US 643 (1986) ………………………………………………………………… 7

*Badie v. Bank of America*
    67 Cal App 4th 779 (1999) …………………………………………………… 5, 6

*Brown v. Dillard's, Inc.*
    430 F.3d 1004 (9th Cir. 2005) ……………………………………...………… 10

*Circuit City Stores, Inc v Adams*
    279 F 3d 889 (9th Cir 2002) …………………………………………………… 7

*Cordas v. Uber Technologies, Inc*
    228 F Supp 985 (ND Cal, Jan 5, 2017) ……………………………………… 6

*Engalla v. Permanente Medical Group, Inc*
    15 Cal 4th 951 (1997) …………………………………………………….. 8, 9, 10

*Frey & Horgan Corp.* v. *Superior Court*
    5 Cal.2d 401 (1936) …………………………………………………………… 8

*Mayers v. Volt Management Corp*
    2013 Cal App 4th 1194 (2012) ……………………………………………..… 6

*Guz v. Bechtel National, Inc*
    24 Cal 4th 317 (2000) ……………………………………….………….…… 7, 8, 9

*Hernandez v. Gulf Group Lloyds*
    875 S.W.2d 691 (Tex. 1994) ………………………………………………. 11, 12

*Hooters of America v. Phillips*
    173 F 3d 933 (4th Cir, 1999) ………………………………………………… 11

*Par-Knit Mills Inc v. Stockbridge Fabrics Co*
    636 F 2d 51 (3d Cir 1980) ……………………………………………………. 6

*Sink v. Aden Enterprises, Inc.*
    352 F.3d 1197 (9th Cir. 2003) …………………………………………..…… 10

*Three Valleys Municipal Water Dist v. E.F. Hutton & Co*
    925 F 2d 1136 (9th Cir. 1991) …………………………………………..…… 6

*Tri-Star Petroleum Co v. Tipperary Corp*
    107 SW 607 (Texas Supreme Court, 2003) ……………...……………….. 11

## I. Introduction

Defendant Veros Credit, LLC ("Veros") claims a right to compel arbitration in a specific forum: the American Arbitration Association. While Plaintiff has no issue with arbitration in accordance with the contract at issue, Veros lacks any contractual basis to compel arbitration in the forum they want to force upon Plaintiff. Under the contract at issue, it is *Plaintiff* that elects the arbitration forum, and not Veros. Plaintiff actually agreed to arbitrate, but would not choose the forum that Veros wanted. It was then, and only then, that Veros filed this motion, in an attempt not to compel arbitration as laid out in the contract at issue, but rather arbitration as Veros wanted, in the forum of their choice.

As shown below, Veros' conduct during the pendency of this action shows a clear intent not to arbitrate this action according to the constraints of the arbitration clause at issue, but rather to stall both this action and any future arbitration efforts by Plaintiff unless and until Plaintiff accedes to Veros' demand not only for arbitration, but arbitration in a forum of Veros' choosing, and against Plaintiff's wishes. Veros' stance and tactics, laid out below, not only directly violate the arbitration clause at issue, but also violate the implied covenant of good faith and fair dealing found in California contracts by operation of law, and constitute a waiver of any right to compel arbitration.

As argued below, this Court should deny Veros' motion based on their violation of the covenant of good faith and fair dealing, and based on the consequential waiver of the right to compel arbitration. Should this Court be inclined to compel arbitration, this Court should do so subject to an order that all named defendants submit to arbitration before a forum of Plaintiff's choosing, other than the American Arbitration Association, and that Veros may not unreasonably withhold approval of Plaintiff's choice of forum. The Court could alternatively simply order the parties to arbitrate before one of the forums already elected by Plaintiff, JAMS or Judicate West. Regardless of which order the Court issues, this

Court should retain jurisdiction to ensure that Veros actually submits to arbitration before the forum of Plaintiff's choice, and the arbitration clause at issue provides.

## II. Factual and Procedural Background

Plaintiff filed this action on January 14, 2019.

On or about February 5, 2019, counsel for Veros, Raymond Naples, sent a letter, and a copy of the contract at issue ("RISC") to Plaintiff's counsel Stephen G. Recordon, demanding that Plaintiff submit not only to arbitration, but specifically to arbitration before the American Arbitration Association.[1]

However, the arbitration clause in the RISC at issue contains the following text: "You may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization to conduct the arbitration subject to our approval."[2]

The RISC, on the first page, identifies "you" as "the buyer," with the following text: "You, the Buyer…"[3] The only "Buyer" identified in the RISC is Crystal James, the Plaintiff in this action.[4]

On or about February 6, 2019, Mr. Recordon, counsel for Plaintiff, sent a letter to Mr. Naples clarifying that Plaintiff was willing to submit her claims to arbitration in accord with the RISC, but in accord with the RISC, Plaintiff would choose the forum, and Plaintiff gave Veros two options: either JAMS or Judicate West.[5]

On or about February 7, 2019, Mr. Naples sent a letter to Mr. Recordon, in which Veros refused to submit to arbitration before JAMS or Judicate West, and claimed that because the American Arbitration Association was identified in the RISC, that this amounted to an election by Plaintiff of the American Arbitration Association, despite the fact that the provision actually states that "You *may choose*

---

[1] *Declaration of Stephen G. Recordon*, ¶¶4-6 and Ex A.
[2] *Id* at ¶¶7-8 and Ex A
[3] *Id* at ¶9 and Ex A
[4] *Id* at ¶10 and Ex A
[5] *Id* at ¶¶11-13 and Ex B

the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), *or any other organization…*"(*emphasis added*).[6]

That same day, Mr. Recordon sent a letter to Mr. Naples, stating that Plaintiff has the exclusive right to elect any arbitration forum, that Plaintiff did not, does not and will not consent to arbitration before the American Arbitration Association, and that Plaintiff had already elected JAMS or Judicate West for arbitration.[7]

Instead of simply agreeing to submit their claims to JAMS or Judicate West, or suggesting some other forum besides the American Arbitration Association, Veros decided to take up this court's resources with a Motion to Compel Arbitration, and asking for an order that Plaintiff be forced to arbitrate in the forum Veros liked best, the American Arbitration Association.[8]

Veros had no basis to file their motion, as Plaintiff had already agreed to submit to arbitration in keeping with the RISC, but simply would not choose the forum that Veros wanted, the American Arbitration Association.

On or about February 20, 2019, in an attempt to avoid any further drain on Court resources in hearing a Motion to Compel Arbitration where *Plaintiff already agreed to arbitrate*, Mr. Recordon sent Mr. Naples another letter.[9]

In this letter, Mr. Recordon advised Mr. Naples that a blanket refusal to arbitrate in a forum other than the American Arbitration Forum was a violation of the implied covenant of good faith and fair dealing, and asked Mr. Naples to either submit to arbitration before JAMS or Judicate West within one week, or provide a reason for their refusal to do so.[10] Mr. Recordon also asked Mr. Naples to suggest a forum other than JAMS, Judicate West, or the American Arbitration Association for Plaintiff's consideration.[11]

---

[6] *Id* at ¶¶14-15 and Ex C
[7] *Id* at ¶¶16-17 and Ex D
[8] *Id* at ¶¶18-19 and Veros' *Memorandum of Points and Authorities*, Docket No. 13-1, page 8, line 27 to page 9, line 1.
[9] *Declaration of Stephen G. Recordon*, ¶¶20-21, and 25, and Ex E
[10] *Id* at ¶¶22-23 and Ex E
[11] *Id* at ¶¶24-25 and Ex E

As of March 4, 2019, neither Mr. Naples, nor any other representative of Veros has bothered to suggest any alternative forums, to provide any reason for their refusal to arbitrate in the two forums offered by Plaintiff, or to otherwise respond in any way.[12]

Instead of providing some rationale for their refusal to arbitrate in JAMS or Judicate West, or suggest a forum other than American Arbitration Association that was palatable to Veros, Veros instead decided to waste this Court's time with a Motion to Compel Arbitration *after Plaintiff already agreed to arbitrate*.

Veros' goal here is clear: to force Plaintiff to arbitrate in the American Arbitration Association, even though Veros has no right to elect the forum.

It is obvious at this point that Veros has no intention of actually submitting to arbitration in any forum other than the American Arbitration Association, which is not one of the options: Plaintiff holds the right to elect the forum, and will not elect the American Arbitration Association. Given Veros' complete refusal to actually participate in good faith in the process of submitting the parties' dispute to arbitration, Plaintiff no longer has any confidence that Veros will actually carry out the arbitration process in accordance with the arbitration clause.

Given these events, Plaintiff now opposes Veros' Motion to Compel Arbitration on the grounds that Veros lacks any contractual basis to force Plaintiff to arbitrate before the American Arbitration Association, that Veros has waived the right to compel arbitration by refusing to comply with their own arbitration clause, as well as breaching the implied covenant of good faith and fair dealing, and that if this Court does compel arbitration, this Court should do so subject to an order that all named defendants submit to arbitration before a forum of Plaintiff's choosing, other than the American Arbitration Association, and that Veros may not unreasonably withhold approval of Plaintiff's choice of forum, or alternatively an order that the parties simply arbitrate before one of the forums already elected by Plaintiff, JAMS or Judicate West.

---

[12] *Id* at ¶26

## III. Argument

### A. Plaintiff holds the exclusive right to elect the arbitration forum

Defendants claim a right to compel arbitration based on an arbitration clause containing the following language:

> *You may choose* the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), *or any other organization* to conduct the arbitration subject to our approval.[13] (*Emphasis added*).

As noted above, the term "you" is identified in the RISC as the "Buyer" and the only "Buyer" identified in the RISC is Plaintiff Crystal James.[14] In other words, the only party granted the right to elect the arbitration forum is Ms. James. To the degree that there is any ambiguity on this issue, such doubts must be resolved in Ms. James favour, both as under California law, ambiguities in "adhesion" form contracts such as this are resolved in favour of the non-drafting party, and as under federal law, all inferences in a motion to compel arbitration are drawn in favour of the party opposing arbitration.

> If the contract is capable of more than one reasonable interpretation, it is ambiguous [*citations omitted*] and it is the court's task to determine the ultimate construction to be placed on the ambiguous language by applying the standard rules of interpretation in order to give effect to the mutual intention of the parties [*citations omitted*]. When ambiguities in a standardized contract, like the account agreement involved here, cannot be dispelled by application of the other rules of contract interpretation, they are resolved against the drafter.

*Badie v. Bank of America*, 67 Cal App 4th 779, 798 (1999)

> The district court, when considering a motion to compel arbitration which is opposed on the ground that no agreement to arbitrate had been made between the parties, should give to the opposing party the benefit of all reasonable doubts and inferences that may arise.

---

[13] See *Declaration of Stephen G. Recordon*, Exs A and C.
[14] *Id* at ¶¶9-10 and Ex A

*Three Valleys Municipal Water Dist v. E.F. Hutton & Co*, 925 F 2d 1136, 1141 (9th Cir. 1991) (quoting *Par-Knit Mills Inc v. Stockbridge Fabrics Co* 636 F 2d 51, 54 (3d Cir 1980))

> The party opposing arbitration shall receive the benefits of all reasonable doubts and inferences.

*Cordas v. Uber Technologies, Inc* 228 F Supp 985, 988 (ND Cal, Jan 5, 2017)

In their letters to Plaintiff, Veros claimed that because they have the right to compel arbitration generally, that this means they also get to elect the forum.[15] The right to compel arbitration generally is in no way the same right as the right to elect the forum: that rather vacuous claim not only confuses two separate rights, but also would render the language regarding Plaintiff's right to elect the forum surplusage.

Nor does the fact that the arbitration clause at issue identifies the American Arbitration Association mean, or even imply, that that organization is the only choice available: the clause states that Plaintiff *may choose* that organization *or any other organization*. To the degree that there is any gray area on this issue, such ambiguities should be resolved in Plaintiff's favour under *Badie v. Bank of America*.

Moreover, if this clause actually did operate as an election to arbitrate under the American Arbitration Association, this clause would be substantively unconscionable under California law as there is no evidence that Plaintiff was ever provided with the applicable rules of the American Arbitration Association prior to this supposedly election. See *Mayers v. Volt Management Corp*, 2013 Cal App 4th 1194, 1194-1195 (2012).

Veros also claimed in their letters that the text "subject to our approval" means that Veros holds the right to elect the forum. "Approval" of an election is not the same as the right to make an election, however. The term "approval" here is merely the right to refuse Plaintiff's election, and not the right for Veros to elect the forum. Furthermore, as argued below, Veros may not simply withhold their

---

[15] *Id* at ¶¶14-15 and Ex C

"approval" of any choice that Plaintiff makes other than the American Arbitration Association, as to unreasonably withhold their consent amounts to a violation of the implied covenant of good faith and fair dealing, as argued below.

**B.    Veros may not simply refuse to submit to arbitration in any forum the Plaintiff selects, as this amounts to a violation of the covenant of good faith and fair dealing**

As the Supreme Court recognized in *AT&T Technologies v. Communications Workers,* 475 US 643, 648 (1986) "arbitration is a matter of contract." On contractual issues, including arbitration, the federal courts are guided by state law.

> In determining the validity of an agreement to arbitrate, federal courts "should apply ordinary state-law principles that govern the formation of contracts."

*Circuit City Stores, Inc v. Adams* 279 F 3d 889, 892 (9th Cir 2002)

The RISC, the contract at issue here, is subject to the implied covenant of good faith and fair dealing under California law, and exists to prevent one party from "unfairly frustrating the other party's right to receive the *benefits of the agreement actually made."*

> The covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the *benefits of the agreement actually made.*

*Guz v. Bechtel National, Inc* 24 Cal 4th 317, 349 (2000)

California is not alone in this principle of course: See *Restatement (Second) of Contracts* § 205 (1981) ("Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement.").

This covenant applies to how a defendant conducts or submits to arbitration as well, and dilatory or obstructionist behavior, including a failure to comply with the terms of the arbitration clause at issue, is a basis for a claim of bad faith.

Plaintiff's Memo of Points and Auth in Oppo to Mot to Compel Arbitration            19-cv-00094-L-RBB

-7-

> Nonetheless, as explained above, Kaiser, by agreeing to 30- and 60-day periods for the appointment of arbitrators, committed itself to cooperate with reasonable diligence and good faith in the process of appointing the arbitrators within the specified times. (See *Frey & Horgan Corp.* v. *Superior Court* (1936) 5 Cal.2d 401, 404 [55 P.2d 203].) Here, there is strong evidence that, despite a high degree of diligence on the part of Engalla's counsel in attempting to obtain the timely appointment of arbitrators, Kaiser lacked either reasonable diligence or good faith, or both, in cooperating on these timely appointments.

*Engalla v. Permanente Medical Group, Inc* 15 Cal 4th 951, 960 (1997)

Here, despite Plaintiff's immediate agreement to arbitrate, and repeated attempts to come to an agreement on an arbitrator other than the American Arbitration Association, *which she has a contractual right to elect*, Veros has outright refused to submit to any arbitrator other than the American Arbitration Association, and has failed to even suggest which arbitrators other than that organization Veros would consider.

In *Guz v. Bechtel National, Inc*, cited above, the California Supreme Court stated that the covenant of good faith and fair dealing exists "to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made." *Guz v. Bechtel National, Inc* at 349.

Here, the RISC specifically provides Plaintiff with the right to elect the forum if the parties arbitrate, and Veros' transparent refusal to assent to any arbitrator other than the one *they* choose clearly frustrates the benefit that Plaintiff was promised: to choose the forum, so she would not be saddled with an arbitration forum she does not want. Veros has not and cannot provided any good faith reason for their refusal to arbitrate before JAMS or Judicate West, and will not even respond to Plaintiff's request that Veros suggest alternative they would accept, so that Plaintiff can avoid taking up more of the parties' time, and this Court's time with this motion.

Veros' refusal to accept any arbitrator other than the American Arbitration Association renders Plaintiff's bargained for right to elect the forum superfluous and

thus clearly frustrates Plaintiff's right to this benefit, the standard set out for a breach of the covenant of good faith and fair dealing under *Guz v. Bechtel National, Inc*. This Court should not allow Veros to game the system and breach the covenant of good faith and fair dealing in order to force Plaintiff to arbitrate in the forum of Veros' choosing, when the RISC clearly provides that this election belongs to Plaintiff. Veros' Motion was filed for a bad faith purpose, to force Plaintiff into arbitration in a forum she did not agree to, bargain for, or want. This Court should deny Veros' motion, as Veros' acts are not the basis for a right to compel arbitration, but rather are a basis for a finding of a breach of the RISC, in that Veros breached the covenant of good faith and fair dealing.

### C. Veros has waived their right to compel arbitration

Where a party breaches or disregards the requirements of their own arbitration agreement, that party waives the right to compel arbitration under that agreement.

In *Engalla v. Permanente Medical Group,* for example, the California Supreme Court found that Kaiser Permanente's dilatory tactics in appointing an arbitrator were contrary to the right to right to arbitrate, and this was a basis for a finding of waiver of the right.

> In the past, California courts have found a waiver of the right to demand arbitration in a variety of contexts, ranging from situations in which the party seeking to compel arbitration has previously taken steps inconsistent with an intent to invoke arbitration to instances in which the petitioning party has unreasonably delayed in undertaking the procedure. The decisions likewise hold that the `bad faith' or `wilful misconduct' of a party may constitute a waiver and thus justify a refusal to compel arbitration.

*Engalla v. Permanente Medical Group, Inc* 15 Cal 4th 951, 983 (1997)

> We conclude that the evidence of Kaiser's course of delay, reviewed extensively above, which was arguably unreasonable or undertaken in bad faith, may provide sufficient grounds for a trier of fact to conclude that Kaiser has in fact waived its arbitration agreement.

*Engalla v. Permanente Medical Group, Inc* at 984

The Ninth Circuit also holds that a breach of the arbitration agreement is a basis for denying a further motion to compel:

> Because the district court did not err in finding Aden to be in default of arbitration, § 3 precludes any attempt by Aden again to stay district court proceedings pending a further reference to arbitration.

*Sink v. Aden Enterprises, Inc.*, 352 F.3d 1197, 1200 (9th Cir. 2003)

> Dillard's breached its agreement with Brown by refusing to participate in the arbitration proceeding Brown initiated. Having breached the agreement, Dillard's cannot now enforce it.

*Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1009–1010 (9th Cir. 2005)

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Other circuits, and states, have come to similar conclusions regarding the failure to abide by the terms of arbitration agreements:

> Moreover, Hooters had a duty to perform its obligations in good faith. *See Restatement (Second) of Contracts* § 205 (1981) ("Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement."); *Virginia Vermiculite, Ltd. v. W.R. Grace & Co.,* 156 F.3d 535, 542 (4th Cir.1998) ("`The courts could leave all discretion in performance unbridled. . . . No U.S. court now takes this approach. . . . Thus, contractual discretion is presumptively bridled by the law of contracts—by the covenant of good faith implied in every contract.'") (*quoting* Steven J. Burton & Eric G. Anderson, *Contractual Good Faith* 46-47 (1995)). Good faith "emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party." *Restatement (Second) of Contracts* § 205 cmt. a. Bad faith includes the "evasion of the spirit of the bargain" and an "abuse of a power to specify terms." *Id.* § 205 cmt. d. By agreeing to settle disputes in arbitration, Phillips agreed to the prompt and economical resolution of her claims. She could legitimately expect that arbitration would not entail procedures so wholly one-sided as to present a stacked deck. Thus we conclude that the Hooters rules also violate the contractual obligation of good faith.
> …
> We therefore permit Phillips to cancel the agreement and thus Hooters' suit to compel arbitration must fail
>
> *Hooters of America v. Phillips*, 173 F 3d 933, 940 (4th Cir, 1999)
>
> A fundamental principle of contract law is that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from any obligation to perform." *Hernandez v. Gulf Group Lloyds,* 875 S.W.2d 691, 692 (Tex. 1994). Thus, because material breach is a ground for revoking a contract, it should be a ground for revoking an arbitration agreement.

*Tri-Star Petroleum Co v. Tipperary Corp*, 107 SW 607, 612-613 (Texas Supreme Court, 2003)

Plaintiff's Memo of Points and Auth in Oppo to Mot to Compel Arbitration    19-cv-00094-L-RBB

-11-

*See also Hernandez v. Gulf Group Lloyds*, 875 S.W.2d 691, 692 (Tex. 1994) ("A fundamental principle of contract law is that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from any obligation to perform.").

Veros cannot violate the very arbitration clause they now seek to enforce by refusing to act in good faith to allow Plaintiff to elect the arbitration forum, and then come to this Court for relief from their own breach: the only reason Veros does not have a *joint* motion to arbitrate is that Veros refuses to comply with their own arbitration clause. This is grounds for waiver.

**D.　If this Court Orders the Parties to Arbitrate the Court should Order that Defendants Submit to Arbitration Before the Forum of Plaintiff's Choice, Approval of Which Shall not Unreasonably be Withheld, or Alternatively Simply Order Arbitration Before JAMS or Judicate West.**

It is clear, as shown above, that Plaintiff holds the exclusive right to elect the arbitration forum and that Veros' refusal to submit to the forums elected by Plaintiff, JAMS and Judicate West, is in bad faith, as Veros has provided to rationale for their refusal, or any alternative forums other than the forum already rejected by Plaintiff, the American Arbitration Association. *If* this Court allows Veros to compel arbitration, in order to cut short this behavior, and ensure that the parties will not be back before this Court shortly asking for an order that Veros actually comply with the arbitration clause they claim now seek to enforce, this Court should either order Veros to arbitrate in the forum of Plaintiff's choice, with approval not to be unreasonably withheld, or simply cut to the chase, and order all named defendants to arbitrate before JAMS or Judicate West. This is a simple issue, and there is no reason to leave the door open to further conflict.

**E.　If this Court Orders Arbitration, this Court should Retain Jurisdiction to Enforce that Order**

Veros' behavior thus far gives reason for doubt as to whether they will

actually comply with the very arbitration clause they claim they want to enforce. In particular their request for an order that Plaintiff arbitrate before the American Arbitration Association, made after Plaintiff specifically told Veros they would not elect that forum, and hold the exclusive power to elect the forum, appears to be made in bad faith. Veros' refusal to cooperate gives good reason to maintain jurisdiction to ensure that the parties actually cooperate should this Court decide to reward Veros' behaviour with an order compelling arbitration.

## IV. Conclusion

Plaintiff immediately agreed to arbitration when asked, but only under the terms of the arbitration agreement itself, and not the terms imagined by Veros, who asserts that they somehow hold the right to elect the arbitration forum, despite the clear language to the contrary in Veros' own contract. Veros' bad faith behavior and refusal to abide by the terms of the agreement they seek to enforce is a breach of the covenant of good faith and fair dealing, and grounds for waiver of the right to compel arbitration. Should this Court order arbitration, this Court should order Veros to comply with the terms of the agreement they seek to enforce, or cut to the chase and order arbitration before JAMS or Judicate West.

Respectfully submitted,

Dated: March 4, 2019

/s/ Stephen G. Recordon
STEPHEN G. RECORDON
Attorney for Plaintiff